**Joseph M. McMullen (CSB 246757)**
Law Offices of Joseph M. McMullen
501 W. Broadway, Suite 1510
San Diego, CA 92101
Tel: (619) 501-2000
Fax: (619) 615-2264
Email: joe@jmm-legal.com

Attorney for Plaintiff M.A.

**Thomas E. Robertson (CSB 262659)**
Law Office of Thomas E. Robertson
501 W. Broadway, Suite 1510
San Diego, CA 92101
Tel: (619) 544 - 9911
Fax: (619) 615-2264
Email: thomas@robertsonSDlaw.com

Attorney for Plaintiffs Estate of Joe Anaya III;
Samantha Anaya.; J.A.; and M.A.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ESTATE OF JOE ANAYA III, by estate representative Martha Anaya; SAMANTHA ANAYA; J.A., a minor, through his guardian ad litem, Pamela Estrada; and M.A., a minor, through her guardian ad litem, Vanessa Muhebes,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>IMPERIAL COUNTY; and DOES 1-10,<br><br>                    Defendants. | Case No.:   **'23 CV 1670 RSH AHG**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs allege:

//

## JURISDICTION AND VENUE

1.      This is a lawsuit for money damages under 42 U.S.C. § 1983, et seq., for the violations of Plaintiffs' federal constitutional rights.  Jurisdiction arises under 28 U.S.C. §§ 1331 and 1343.

2.      The incident took place at the Imperial County Jail in El Centro, California.  Venue in this Court is proper under 28 U.S.C. § 1391(b).

3.      Plaintiffs submitted timely tort claims to Imperial County within six months of Joe Anaya III's death. The County denied those tort claims on March 10, 2023.

4.      The Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

5.      This action arises from the wrongful death of Joe Anaya III, who was at all relevant times a resident of Imperial County, California.  Joe Anaya III died on August 2, 2022.

6.      The Estate of Joe Anaya III is a Plaintiff in this action.  On June 9, 2023, the County of Imperial Superior Court opened probate proceedings and appointed Martha Anaya as the administrator of the Estate.  Martha Anaya, on behalf of the Estate, is Joe Anaya III's "personal representative" within the meaning of California Code of Civil Procedure, section 377.30.  *See* Exhibit 1 (Declaration of Martha Anaya, with Superior Court's Order).

7.      Plaintiff Samantha Anaya is a resident of San Diego County.

8.      Plaintiff J.A. is a minor who resides in San Diego County.  Pamela Estrada is J.A.'s mother and, with the Court's approval, will serve as J.A.'s guardian ad litem for the purpose of prosecuting this civil action.  Pamela Estrada is a resident of San Diego County.

9.      Plaintiff M.A. is a minor who resides in Maricopa County, Arizona. Vanessa Muhebes is M.A.'s mother and, with the Court's approval, will serve as

M.A.'s guardian ad litem for the purpose of prosecuting this civil action.  Vanessa Muhebes resides in Maricopa, Arizona.

10.     Plaintiffs Samantha Anaya, J.A., and M.A. (collectively, "Individual Plaintiffs") are each one of a total of three children born to Joe Anaya III.  Prior to the death of Joe Anaya III, the Individual Plaintiffs shared a close relationship and special bond with their father, which included deep attachments, commitments, and distinctively personal aspects of their lives that were typical of a close familial relationship.  Joe Anaya III held out the Individual Plaintiffs as his children and participated in child-rearing and personal and private associations with the Individual Plaintiffs prior to his death.  The Individual Plaintiffs communicated with their father frequently and received his love, companionship, comfort, care, assistance, protection, affection, guidance, gifts, and financial support prior to his death.

11.     Defendant Imperial County is a governmental entity organized and existing under the laws of the State of California.  The Sheriff's Office of Imperial County operates the Imperial County Regional Adult Detention Facility, also known as the Imperial County Jail.

12.     Employees of Defendant Imperial County are also responsible for the death of Joe Anaya III.  At all relevant times, Defendants Does 1-10 were correctional officers at the Imperial County Jail and employees of Defendant Imperial County and performed the relevant acts within the course and scope of their employment.  Defendants Does 1-10 performed those acts under the color of state law.  Defendants Does 1-10 are sued in their individual capacities (as to the claims under section 1983) and as employees of Defendant Imperial County (as to the state law claims).  Plaintiffs do not currently know the names of Does 1-10. Plaintiffs will amend this Complaint to identify these individuals after learning their identities.

//

## FACTUAL ALLEGATIONS

13.    Joe Anaya III entered the Imperial County Regional Adult Detention Facility ("the Facility") on May 23, 2022.  Personnel at the Facility knew that Anaya III was struggling with both drug addiction and mental illness.

14.    Anaya III was in custody as a pretrial detainee.

15.    On or around August 2, 2022, Anaya III was in his cell, suffering from a medical emergency.  Anaya III had consumed a drug that was causing him to suffer an overdose.

16.    During that critical time period on August 2, 2022, as Anaya III was showing outward signs of severe medical distress for at least several hours, correctional officers at the Facility, Defendant Does 1-10, failed to perform proper "safety checks" of Anaya III.  In particular, for numerous hours, the officers failed to perform direct visual checks of Anaya III in a way to observe signs of life and obvious signs of distress.

17.    If the officers had performed the proper safety checks, they would have discovered that Anaya III was in severe medical distress with sufficient time to summon and provide medical care to save his life.  Because the officers failed to conduct the proper safety checks and summon that medical care, however, Anaya III lost his life.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 –14th Amendment – Deliberate Indifference
### Against Defendants Does 1-10
### (Brought by Plaintiff Estate of Joe Anaya III)

18.    Plaintiffs reallege and incorporate by reference the paragraphs stated above.

19.    Martha Anaya, on behalf of the Estate of Joe Anaya III, asserts this cause of action as the decedent's personal representative.  Cal. Code Civ. Proc. § 377.30.

20.    On August 2, 2022, Defendants Does 1-10 knew that dangerous controlled substances were present in the Facility, that detainees had access to those controlled substances, and that the detainees' access to the controlled substances presented a substantial risk of serious harm to detainees.  Defendants also knew that detainee Joe Anaya III suffered from schizophrenia and a "substance abuse" disorder arising from his addiction to methamphetamine.  Any reasonable correctional officer would have understood the high degree of risk to Anaya III.

21.    Adequate safety checks of detainees are required to address precisely this type of risk to detainee safety.  Indeed, at the time of Anaya III's death, the Due Process Clause of the Fourteenth Amendment required (and continues to require) direct-view safety checks sufficient to determine whether a detainee presents a need for medical treatment.  *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021).

22.    Defendants Does 1-10 made an intentional decision to not conduct adequate safety checks of Anaya III.  By failing to do so, Defendants Does 1-10 acted with deliberate indifference to the health and safety of Anaya III, violating Anaya III's constitutional rights under the Fourteenth Amendment.  Because adequate safety checks (and the medical care that would have been summoned upon viewing Anaya III in medical distress) would have saved his life, Defendants' failure to conduct those checks proximately caused Anaya III's death.

23.    During all relevant times, Defendants Does 1-10 were acting under color of state law as correctional officers at the Facility.

24.    As an actual and proximate cause of Defendants' deliberate indifference to Anaya III's health and safety, Anaya III suffered (1) damages prior to his death, including those arising from his pre-death pain and suffering, and (2) death.  Plaintiff seeks compensatory damages for this harm.

25.    Defendants Does 1-10 acted with deliberate and reckless disregard of Anaya III's constitutional rights. Plaintiff thus seeks an award of punitive damages against Defendants in an amount to be proven at trial.

26.    Plaintiff is also entitled to costs and reasonable attorney's fees under 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 –14th Amendment – Deprivation of Familial Relationship Against Defendant Does 1-10
### (Brought by Samantha Anaya, J.A, and M.A., as Individuals)

27.    Plaintiffs reallege and incorporate by reference the paragraphs stated above.

28.    Under the Fourteenth Amendment, substantive due process provides children with a constitutional right to enjoy a familial relationship with their parent.

29.    As set forth above, Defendant Does 1-10 intentionally failed to conduct adequate safety checks of Anaya III, even though any reasonable officer would have understood the high degree of risk to a detainee's health and safety from failing to conduct those checks.  Defendants Does 1-10's unconstitutional conduct, committed while acting under color of state law, shocks the conscience.

30.    Defendants' unconstitutional conduct deprived Samantha Anaya, J.A., and M.A. of their substantive due process right, under the Fourteenth Amendment, to enjoy their familial relationship with their father, Anaya III.

31.    As a result of this constitutional violation, Plaintiffs are entitled to compensatory damages under 42 U.S.C. § 1983, in an amount to be proven at trial.

32.    Plaintiffs are further entitled to costs and reasonable attorney's fees under 42 U.S.C. § 1988.

33.    Defendants Does 1-10 acted with deliberate and reckless disregard of Anaya III's constitutional rights. Plaintiff thus seeks an award of punitive damages against Defendants in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
**Wrongful Death**
**Against Defendant Does 1-10**
**(Brought by Samantha Anaya, J.A, and M.A., as Individuals)**

34.     Plaintiffs reallege and incorporate by reference the paragraphs stated above.

35.     At the time of his death, Joe Anaya III had no spouse, but he had three children.  Under the California Code of Civil Procedure, his children – Plaintiffs Samantha Anaya, J.A., and M.A. – have standing to assert a cause of action for the wrongful death of their father.  *See* Cal. Civ. Proc. Code § 377.60; *see also* Exhibit 1 (Declaration of Martha Anaya).

36.     As alleged above, Anaya III died as a result of tortious conduct by Defendants Does 1-10, including Defendants' deliberate indifference to Anaya III's health and safety.  The death of Anaya III was therefore "wrongful" for purposes of a claim for damages under California Code of Civil Procedure section 377.60.  *See Estate of Prasad v. County of Sutter*, 958 F. Supp. 2d 1101, 1118 (E.D. Cal. 2013).

37.     Defendants' negligence provides an additional independent basis for Plaintiffs' wrongful death claim.  Anaya III was particularly vulnerable and dependent on the custodial personnel at the Facility, including Defendants Does 1-10, for protection, monitoring, and safe housing.  In turn, Defendants had substantial control over Anaya III's safety and welfare.  It was reasonably foreseeable that Anaya III would need monitoring, supervision, and other measures to address, abate, or reduce the substantial and obvious risk to Anaya III's health and safety. As a result, a special relationship existed between Defendants and Anaya III while he was housed at the Facility, and these Defendants owed Anaya III a corresponding duty of reasonable care.

38.     Defendants Does 1-10 breached their duty of care by failing to conduct adequate safety checks of Anaya III, even though any reasonable officer

would have understood the high degree of risk to a detainee's health and safety from failing to conduct those checks.

39.     Defendants' tortious conduct – including both the negligent conduct and deliberate indifference to Anaya III's safety – was the proximate cause of Anaya III's death, which was a direct and foreseeable result of that tortious conduct.  As a result, Plaintiffs Samantha Anaya, J.A., and M.A. lost their father and are entitled to compensatory damages in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**Negligence (Survival Claim)**
**Against Defendants Does 1-10**
**(Brought by Plaintiff Estate of Joe Anaya III)**

40.     Plaintiffs reallege and incorporate by reference the paragraphs stated above.

41.     Martha Anaya, on behalf of the Estate of Joe Anaya III, asserts this cause of action as the decedent's personal representative.  Cal. Code Civ. Proc. § 377.30.

42.     As set forth above, in light of the special relationship between a pretrial detainee and those correctional officers in charge of the detainee's health and safety, Defendants Does 1-10 owed Anaya III a duty of reasonable care.

43.     And as also set forth above, Defendants breached that duty by failing to conduct adequate safety checks of Anaya III, even though any reasonable officer would have understood the high degree of risk to a detainee's health and safety from failing to conduct those checks.

44.     Defendants' negligence was the proximate cause of Anaya III's pain, suffering, and death, which were direct and foreseeable results of that negligent conduct.

45.     Plaintiff Estate of Anaya III seeks compensatory damages for the harm Anaya III suffered before his death, *including pain and suffering*.  Recently

amended section 377.34, subdivision (b), of the California Code of Civil Procedure provides: "Notwithstanding subdivision (a), in an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable may include damages for pain, suffering, or disfigurement if the action or proceeding was granted a preference pursuant to Section 36 before January 1, 2022, or was filed on or after January 1, 2022, and before January 1, 2026."

46.    Defendants' failure to conduct the proper safety checks constituted contemptible conduct that would be looked down on and despised by reasonable people.  Further, Defendants committed this misconduct with a willful and knowing disregard of, and deliberate failure to avoid, the probable dangerous consequences to Anaya III's health and safety.  As a result, Plaintiff Estate of Anaya III seeks punitive damages in an amount to be proven at trial.  Code Civ. Proc. § 377.34.

### FIFTH CAUSE OF ACTION
**Violation of Cal. Civ. Code § 52.1 (Bane Act)**
**Against Defendant Imperial County**
**(Brought by Plaintiff Estate of Anaya III)**

47.    Plaintiffs reallege and incorporate by reference the paragraphs stated above.

48.    Martha Anaya, on behalf of the Estate of Joe Anaya III, asserts this cause of action as the decedent's personal representative.  Cal. Code Civ. Proc. § 377.30.

49.    As alleged above, Anaya III died as a result of unconstitutional conduct by Defendant Imperial County's correctional officers, including officers' deliberate indifference to the serious and obvious risk to Anaya III's health and safety.  This deliberate indifference to Anaya III's health and safety constituted a violation of California Civil Code, section 52.1, as (1) Defendant's correctional

officers violated and interfered with Anaya's Due Process rights under the Fourteenth Amendment to the U.S. Constitution; (2) through their intentional failure to conduct the direct-view safety checks, those officers acted with reckless disregard to Anaya's constitutional rights; and (3) the officers' intentional failure to safeguard their detainee from the obvious risk of harm was inherently coercive within the meaning of section 52.1. *See Lapachet v. California Forensic Medical Group, Inc.*, 313 F.Supp.3d 1183, 1195 (E.D. Cal. 2018).

50.    This violation of section 52.1 was the proximate cause of Anaya III's pain, suffering, and death, which were the direct and foreseeable consequences of Defendants' unlawful conduct.

51.    Because these correctional officers were acting within the scope of their employment with the Imperial County Sheriff's Department, Defendant Imperial County is liable for the damages arising from the officers' violation of section 52.1. *See* Cal. Civ. Code § 52.1(n) ("The state immunity provisions provided in Sections 821.6, 844.6, and 845.6 of the Government Code shall not apply to any cause of action brought against any peace officer or custodial officer . . . or directly against a public entity that employs a peace officer or custodial officer, under this section.") (subdivision (n) effective on Jan. 1, 2022); *see also* Cal. Gov. Code § 815.2.

52.    Plaintiff Estate of Joe Anaya III seeks compensatory damages for the harm Anaya III suffered before his death, *including pain and suffering*. *See* Cal. Civ. Proc. Code § 377.34(b) (as amended, effective Jan. 1, 2022). Plaintiff also seeks the statutory remedies set forth by sections 52 and 52.1 of the California Civil Code, including treble damages and attorney's fees.

//

//

//

//

## **PRAYER FOR RELIEF**

Plaintiffs prays for judgment against Defendants, as follows:

1.      Compensatory damages;

2.      Punitive damages against Defendants Does 1-10;

3.      Attorney fees under 42 U.S.C. section 1988(b) and California Civil
Code § 52.1(i)

4.      Treble damages under Civil Code §§ 52, 52.1(c);

5.      Costs incurred in this lawsuit;

6.      Prejudgment interest; and

7.      Other relief that the Court deems proper.


Respectfully submitted,

Dated:  Sep. 8, 2023          */s/ Thomas E. Robertson*
Thomas E. Robertson (SBN 262659)
Attorney for Plaintiffs Estate of Anaya III,
Samantha Anaya, and J.A.


Dated:  Sep. 8, 2023          */s/ Joseph M. McMullen*
Joseph M. McMullen (SBN 246757)
Attorney for Plaintiff M.A.


### **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial as to all causes of action.

Dated:  Sep. 8, 2023          */s/ Thomas E. Robertson*
Thomas E. Robertson (SBN 262659)
Attorney for Plaintiffs Estate of Anaya III,
Samantha Anaya, and J.A.


Dated:  Sep. 8, 2023          */s/ Joseph M. McMullen*
Joseph M. McMullen (SBN 246757)
Attorney for Plaintiff M.A.