**Joseph M. McMullen (CSB 246757)**
Law Offices of Joseph M. McMullen
501 W. Broadway, Suite 1510
San Diego, CA 92101
Tel: (619) 501-2000
Fax: (619) 615-2264
Email: joe@jmm-legal.com

Attorney for Plaintiff M.A.

**Thomas E. Robertson (CSB 262659)**
Law Office of Thomas E. Robertson
501 W. Broadway, Suite 1510
San Diego, CA 92101
Tel: (619) 544 - 9911
Fax: (619) 615-2264
Email: thomas@robertsonSDlaw.com

Attorney for Plaintiffs Estate of Joe Anaya III; Samantha Anaya.; and J.A.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JOE ANAYA III, by estate representative Martha Anaya; SAMANTHA ANAYA; J.A., a minor, through his guardian ad litem, Pamela Estrada; and M.A., a minor, through her guardian ad litem, Vanessa Muhebes,<br><br>          Plaintiffs,<br><br>   vs.<br><br>IMPERIAL COUNTY; and DOES 1-10,<br><br>          Defendants. | Case No.:  23cv1670-RSH(LR)<br><br>**DECLARATION OF ATTORNEY JOSEPH MCMULLEN** |

//

//

I, Joseph McMullen, declare as follows:

1. I am an attorney licensed to practice in California, and I am counsel in this case for Plaintiff M.A., a minor.

2. I have personal knowledge of the following facts. If called as a witness, I could competently testify to the contents of this declaration.

3. In the Law Offices of Joseph M. McMullen, I am a sole practitioner focusing on representing plaintiffs in civil rights cases involving law enforcement, jails, and prisons, as well as the subjects of federal civil and criminal law enforcement proceedings.

4. I have represented my client in this case since August 2022. During that time, I have incurred the following litigation expenses: $114.16 service of process fee to Knox Services on October 18, 2023 for personal service of the Complaint, and a $757.25 deposition expense for the stenographic remote deposition of Imperial County Sheriff's Department homicide investigator Sergeant Julio Hurtado on May 13, 2024. Attorney Thomas Robertson paid the filing fee, and Mr. Robertson will set forth that expense in his own declaration. I also paid independent-contractor paralegal Christina Mandello for work on this case. However, I do not include any of the time spent on this case by Ms. Mandello, nor am I claiming any of the fees I paid to Ms. Mandello for that work. Finally, an invoice in the amount of $1,750 from the Law Office of Susan S. Wilson for representation of the Estate of Joe Anaya III in probate court is forthcoming. Although our retention agreements with our respective clients in this case explicitly excluded probate attorney fees from the costs to be advanced by Mr. Robertson and me, Mr. Robertson and I have elected to pay the Law Office of Susan S. Wilson for its legal services in this case, and we will not seek reimbursement from our clients.

5. I have spent 96.5 hours on this case. I keep contemporaneous records of my time spent on each case, and I have eliminated all the entries that do not

involve core legal duties, such as administrative tasks and non-substantive communications with clients and other attorneys. In other words, the 96.5 hours remaining on my time sheet represent core legal work, such as legal research, meetings with clients on substantive issues like discovery responses, drafting legal documents, and participating in critical events like depositions and conferences with the Court.

6. The amount of my time on this case was a function of its complexity and the unexpected arc of information obtained during discovery. Mr. Robertson's declaration, submitted contemporaneously with this motion, accurately sets forth the litigation history of this case at paragraphs 6 through 16.

7. All Plaintiffs have agreed that the Gross Settlement Proceeds will be divided equally between Decedent's three children: Samantha Anaya, J.A., and M.A. Because $175,000 is not perfectly divisible into thirds, however, the exact agreed amounts of gross proceeds are as follows: Samantha Anaya ($58,333.32); J.A. ($58,333.34); and M.A. ($58,333.34). If this Court approves the Settlement, Plaintiffs will then ask the probate court to approve the settlement and close the Estate of Joe Anaya III. Due to the pendency of the probate proceedings (in which the court appointed Martha Anaya as the Estate Representative, permitting her to prosecute this federal lawsuit on behalf of the Estate), the current Settlement is also subject to Probate Court approval.

8. Before, during, and after the Settlement Conference, I discussed expectations of Settlement and the Settlement terms with M.A.'s guardian, Vanessa Muhebes. This included a discussion of how much money would be distributed to her daughter, M.A., after fees and costs. Ms. Muhebes gave explicit consent, multiple times, to this Settlement and its terms.

9. At the beginning of my legal representation, Ms. Muhebes consented to a 40% contingency fee in the attorney-client agreement. Specifically, Ms. Muhebes and I discussed how the path to liability was necessarily speculative

in this civil rights case, because the pivotal evidence was in the sole possession of the Defendant. We also discussed that Mr. Robertson and I would spend significant time and resources without the guarantee of any recovery, and none of the clients would be responsible for reimbursing any of the costs advanced by plaintiffs' counsel in the event of no recovery. Ms. Muhebes agreed to the 40% fee based on our discussion of the speculative strength of the case and the risk to the attorney inherent in the contingency relationship in a speculative case.

10. Due to the amount of recovery in the present case, and the fact that I am representing a minor, I propose a reduction of the contractual contingency rate of 40% to a new rate of 33%.

11. Ms. Muhebes's original consent to the Settlement, on behalf of M.A., was based on a net recovery to M.A. that accounted for an attorney's fee of 40% of her Gross Recovery. The new proposed contingency rate of 33% would result in a greater net recovery to M.A.. Ms. Muhebes consents to this greater net recovery for her daughter, as well.

12. Due to all parties' willingness to engage in good-faith negotiations at an early Settlement Conference, the parties were able to minimize costs. Specifically, the multiple rounds of written discovery did not involve "hard costs," and the parties took efficient depositions narrowly tailored to the original theory of the case. The larger costs – upcoming depositions of policy-level employees, expert depositions, and expert reports – were slated to accrue immediately after the Conference. As a result of the parties' resolution of the case, M.A.'s share of litigation costs is limited to roughly $425.

13. Incorporating the proposed reduced contingency rate of 33%, J.A.'s net recovery would be as follows:

| | |
|---|---|
| Gross Proceeds for <u>Each</u> Minor: | $ 58,333.34 |
| Costs (1/3 share of total costs): | $     424.47 |
| Attorney's Fees | <u>$ 19,109.93</u> |

        Net Recovery:        $ 38,798.94

14. For the net recovery calculated above, costs were subtracted from the Gross Proceeds *before* calculating the attorney's fee, which decreases the attorney's fee and maximizes the minor's net recovery.

15. Due to being a sole practitioner, I limit the number of cases that I take. When I take on a wrongful death case like the present case and invest significant time into prosecuting the case, I turn down other potential civil rights cases to maintain a manageable workload.

16. I have been an attorney for approximately 18 years. My experience in federal litigation and constitutional law began during my four years as a trial attorney at Federal Defenders of San Diego, Inc. In 2010, I joined Seltzer Caplan McMahon Vitek's white-collar criminal defense and federal investigations practice, which expanded my focus to civil federal litigation in securities and *qui tam* actions. In 2013, I opened the Law Offices of Joseph M. McMullen and began representing plaintiffs in civil rights litigation. Specifically, I have focused on cases of excessive force by law enforcement and unlawful practices inside jails and prisons. I have tried twenty-three cases in various federal jurisdictions, including *Wilkerson v. City of San Diego*, 12-cv-2994-WQH (S.D. Cal.) (unanimous verdict in favor of plaintiff on claims of excessive force, including award of punitive damages); *McNally v. Riis*, 18-cv-1150-CAB (S.D. Cal.) (~$1.5M unanimous verdict in favor of plaintiff on claims of false arrest and excessive force); *J.A.M. et al. v. United States*, 22cv0380-GPC (S.D. Cal.) ($1.525M verdict in favor of plaintiffs on claims against U.S. Customs and Border Protection for false imprisonment, intentional infliction of emotional distress, and negligence); *Estate of Sandoval v. County of San Diego et al.,* 16cv1004-BEN (S.D. Cal.) ($1.8M verdict in favor of plaintiff on claims of unconstitutional denial of medical care by San Diego Central Jail employees); *Estate of William Enyart v. San Bernardino County*, 5:23-cv-00540-RGK (C.D. Cal.) ($6.4M verdict in favor of plaintiff on

claims of unconstitutional denial of medical care by San Bernardino County Sheriff's Department employees).  In addition, I have obtained favorable settlements in "jail death" cases where liability was in dispute. *See, e.g., Estrada v. Imperial County*, 17cv326-BAS (S.D. Cal.) ($675,000 settlement where young woman committed suicide in her cell); *Woodward v. County of San Diego*, 17cv2369-TWR (S.D. Cal.) ($400,000 settlement for man assaulted and strangled by his cellmate).

17. Like the cases listed above, I prosecuted the present lawsuit on a contingent-fee basis with no guarantee of recovery.  The risk, from the outset of this litigation, is that I would provide legal representation (along with co-counsel) with the understanding that we would not receive any compensation unless we were successful, and the Court approved the corresponding compensation.

18. Due to my experience litigating civil rights cases and the inherent risk of taking these cases on a contingency basis, my most recent request for attorney's fees – along with a "Lodestar" calculation presented to the court – identified my hourly rate as $705 in 2020. *McNally v. Riis*, 18-cv-1150-CAB (S.D. Cal.) (ECF #126, filed December 4, 2020).

19. Under the proposed contingency fee rate of 33%, I would be compensated at a reduced rate of approximately $250/hour for the time I have spent on this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of July 2024, in San Diego, California.

                        */s/  Joseph M. McMullen*
                        Joseph M. McMullen