UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JOE ANAYA III, by estate representative Martha Anaya; SAMANTHA ANAYA; J.A., a minor, through his guardian ad litem, Pamela Estrada; and M.A., a minor, through her guardian ad litem, Vanessa Muhebes,<br><br>Plaintiffs,<br><br>v.<br><br>IMPERIAL COUNTY, et al.,<br><br>Defendants. | Case No.: 23cv1670-RSH-LR<br><br>**REPORT AND RECOMMENDATION GRANTING PLAINTIFFS' PETITION FOR APPROVAL OF SETTLEMENT INVOLVING MINORS**<br><br>[ECF No. 22] |

Before the Court is Plaintiffs' unopposed Petition for Approval of Settlement Involving Minors filed by Plaintiffs Estate of Joe Anaya III, by and through estate representative Martha Anaya, Samantha Anaya, and minors J.A. and M.A., by and through their guardians ad litem, Pamela Estrada and Vanessa Muhebes, respectively. (ECF No. 22.) Pursuant to Rule 17(c) of the Federal Rules of Civil Procedure and Rule 17.1 of this District's Civil Local Rules, the Court has carefully reviewed and considered the terms of Plaintiffs' Petition as it relates to the settlement amounts for minors J.A. and M.A. Having

reviewed Plaintiffs' Petition and supporting documents, and for the reasons discussed below, the Court **RECOMMENDS** that the Petition be **GRANTED**.

## I. BACKGROUND

On September 8, 2023, Plaintiffs commenced this action against Defendant Imperial County. (ECF No. 1.) The action arises from the alleged wrongful death of Joe Anaya III, who was in custody as a pretrial detainee at the Imperial County's Regional Adult Detention Facility ("RADF") at the time of his death on August 2, 2022. (*Id*. at 4.) Plaintiffs assert federal and state law claims against Defendant, including deliberate indifference (42 U.S.C. § 1983), deprivation of familial relationship (42 U.S.C. § 1983), wrongful death, negligence (survival claim), and the Bane act (Cal. Civ. Code § 52.1). (*Id*. at 2-10.)

On May 24, 2024, the case settled at a settlement conference before Magistrate Judge Lupe Rodriguez, Jr. (ECF No. 19.) On May 30, 2024, this Court was assigned to the case for the sole purpose of considering the anticipated Petition. (ECF No. 22.) On July 12, 2024, Plaintiffs filed a Petition for Approval of Settlement Involving Minors. (ECF No. 22.) The Petition stated that a global settlement was reached as to all parties and claims, and that due to pending probate proceedings, Plaintiffs would also have to get approval from the Probate Court if the Court approved the settlement. (*Id*. at 6.) On August 7, 2024, Plaintiffs filed a supplement to the Petition regarding the proposed distribution instructions for the settlement proceeds. (ECF No. 24.)

## II. LEGAL STANDARD

Local Civil Rule 17.1 addresses settlements involving minors:

> **Order of Judgment Required.** No action by or on behalf of a minor or incompetent, or in which a minor or incompetent has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment. All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue. The parties may, with district judge approval consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c) for entry of an order approving the entire settlement or compromise.

S.D. Cal. Civ. R. 17.1(a).

     "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In *Robidoux*, the Ninth Circuit established that district courts reviewing the settlement of a minor's federal claim should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181-82. District courts should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiff's counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

     The Ninth Circuit limited its holding in *Robidoux* "to cases involving the settlement of a minor's federal claims" and did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." *Id.* at 1179 n.2. Under California law, the court is tasked with evaluating the reasonableness of the settlement and determining whether the compromise is in the best interest of the minor. *See A.M.L. v. Cernaianu*, No. LA CV12-06082 JAK (RZx), 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014) (citations omitted). The California Probate Code "bestows broad power on the court to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382, 28 Cal. Rptr. 2d 613 (Cal. Ct. App. 1994) (analyzing Cal. Prob. Code § 3601). District courts are split on whether the *Robidoux* standard applies to the evaluation of a minor's compromise regarding state law claims. *See DeRuyver v. Omni La Costa Resort & Spa, LLC*, Case No.: 3:17-cv-0516-H-

AGS, 2020 WL 563551, at *2 n.1 (S.D. Cal. Feb. 4, 2020) (citing cases). "[H]owever, it is not necessary for the Court to resolve the question of whether *Robidoux* or state rules apply. The outcome is the same." *Castro v. United States*, Case No. 19-cv-02240-AJB-JLB, 2022 WL 594545, at *2 (S.D. Cal. Feb. 28, 2022) (collecting cases); *see also A.M.L.*, 2020 WL 7130506, at *2 (finding it unnecessary to resolve whether *Robidoux* or state rules applied to the approval of a minor's compromise where the proposed settlement would satisfy both standards). Courts in this district exercising diversity jurisdiction over state law claims have found *Robidoux* persuasive in providing a framework for evaluating the reasonableness and fairness of the settlement. *See DeRuyver*, 2020 WL 563551, at *2; *see also Lobaton v. City of San Diego*, Case No. 3:15-cv-1416-GPC-DHB, 2017 WL 2610038, at *2 (S.D. Cal. June 16, 2017) (relying on *Robidoux* as a framework when exercising supplemental jurisdiction over a state law claim).

### III. DISCUSSION

The proposed settlement in this case is $175,000, to be equally distributed among the decedent's three children as follows: (1) Samantha Anaya[1]: $58,333.32; (2) J.A.: $58,333.34; and (3) M.A.: $58,333.34. (ECF No. 22.) The minor plaintiffs' guardians initially agreed to a 40% contingency fee under the attorney client agreement. (*Id*. at 10.) However, as discussed below, Plaintiffs' counsel now requests that the Court reduce the contingency fee from 40% to 33%. (*Id*. at 12.) With this adjustment, the decedent's three children would each receive a net settlement amount of $38,798.94[2]. (*Id*. at 9.) If approved,

---

[1] The Court does not consider Samantha Anaya's settlement in its analysis as she is not a minor.

[2]

| Item | Amount |
|---|---|
| Gross Settlement for *Each* Plaintiff | $58,333.34 |
| Costs (1/3 of total costs) | $424.47 |
| Attorney's Fees (33%) | $19,109.93 |
| Total to Each Plaintiff: | $38,798.94 |

the net settlement amounts for J.A. and M.A., totaling $77,597.88, would be paid to Pacific Life & Annuity Services, Inc. to fund future periodic payments for each minor. (ECF No. 24-1.) J.A. would receive $20,000.00 as a lump sum on August 31, 2028, at age twenty, followed by a lump sum of $33,271.91 on August 31, 2033, at age twenty-five. (*Id.*) M.A. would receive $27,408.89 on September 23, 2031, and an additional lump sum of $27,408.89 on October 23, 2031. (*Id.*)

As Plaintiffs assert, there is a wide range of approved settlement values arising from minors' compromises in wrongful death actions. (*See* ECF No. 22 at 7-8.) Plaintiffs reference several cases with net settlement amounts ranging from $9,441.50 to $4,464,753.45. (*Id.* at 9.) In *Clines*, the Court found a proposed net settlement amount of less than $10,000 to be reasonable because Plaintiffs' original theory of liability was later found to be problematic as "the case required extensive legal and expert work to develop and prove a second theory of liability." *Clines v. Cnty. of San Diego*, No. 20CV2504-W(BLM), 2022 WL 16851818, at *3 (S.D. Cal. Nov. 10, 2022), *report and recommendation adopted sub nom. K.C.A. by & through Purvis v. Cnty. of San Diego*, No. 20-CV-02504-W-BLM, 2022 WL 17097422 (S.D. Cal. Nov. 21, 2022). *Clines* illustrates how challenges to establishing liability can justify a lower settlement amount. (*See id.*) Here, Plaintiffs explain that, similar to *Clines*, the minors' settlement and net recovery are reasonable because their original theory of liability, inadequate safety checks, was refuted during the discovery process. (ECF No. 22 at 9.) As in *Clines*, Plaintiffs identified a second theory of liability, a *Monell* claim, but Plaintiffs would "[f]ac[e] a very steep hill to any finding of liability." (*Id.* at 9-10.) For instance, Plaintiffs state that they "lacked any legal authority from the appellate courts applying [the *Monell*] theory to the present circumstances[,]" the *Inzunza* decision that they planned to use as legal authority from the District of Arizona was an unpublished "pleading stage" decision, leave to amend the complaint and to take additional discovery would be needed for the *Monell* theory of liability, discovery would have increased costs, and at the summary judgment phase, the Court would apply the "rigorous" deliberate indifference standard to the *Monell* claim,

which is the "sole potentially viable claim in the case." (*Id*.) Considering the facts of this case, Plaintiffs' claims, and recoveries in similar actions, the Court finds the net settlement amount of $38,798.94 for *each* minor to be fair, reasonable, and in the minors' best interests.

In addition to assessing whether the settlement is fair and reasonable, the Court, under California law, must approve the attorney's fees and costs to be paid for representation of a minor. *See* Cal. Prob. Code § 3601. Where counsel represents a minor on a contingency fee basis, attorney's fees are generally limited to 25% of the gross recovery. *See Doe v. Lincoln Military Prop. Mgmt., LP*, Case No.: 3:20-cv-00224-GPC-AHG, 2020 WL 5810168, at *3 (S.D. Cal. Sept. 30, 2020). Here, as previously mentioned, the minor plaintiffs' guardians agreed to a 40% contingency fee to be deducted from the settlement. (ECF No. 22 at 10.) However, following the example of *Clines*, Plaintiffs' counsel now requests that their contingency fee be reduced to 33%. (*Id*. at 10-12.) *See Clines*, 2022 WL 16851818, at *4 (concluding that a reduction of attorneys' fees to 33% was appropriate despite the minor plaintiff's guardian ad litem signing a retainer agreement consenting to a 40% contingency fee).

In *Clines*, the court acknowledged that the general rule is a contingency rate of 25%, but exceptions may be made based on "factors such as the time and labor required, whether the minor's representative consented to the fee, the amount of money involved, the result obtained, and whether the fee is fixed, hourly, or contingent." *Clines*, 2022 WL 16851818, at *3. Here, the Court relies on the information provided in the Petition and notes that counsel spent significant time on the case to obtain a favorable result for their clients, including a shift in legal strategy after the original theory of liability was refuted. Additionally, Plaintiffs' guardians consented to a higher contingency rate, and counsel assumed considerable risk in handling the case. Given these factors, the Court finds the requested attorney's fees to be reasonable. Additionally, the Court finds that the relatively minimal costs incurred by Plaintiffs' counsel are reasonable.

/ / / /

## IV.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) adopting this Report and Recommendation; (2) **GRANTING** the Petition (ECF No. 22) subject to the probate court's approval; and issuing the following orders:

1. The compromise and terms of the settlement as set forth in the Petition are in the best interests of J.A. and M.A. and are hereby approved.
2. Upon receipt of the gross proceeds for *each* minor of $58,333.34, Plaintiffs' counsel shall retain $424.47 in costs and $19,109.93 in attorney's fees.
3. Within thirty days of the order adopting this Report and Recommendation, the minors' net settlement proceeds are to be deposited to Pacific Life & Annuity Services, Inc. to fund the future periodic payments to the minors as outlined in this Order and Exhibit A of Plaintiffs' supplement to the petition (ECF No. 24).
4. A joint motion for dismissal of the instant case must be filed within seven days after Plaintiffs' counsels' receipt of the settlement check.

**IT IS HEREBY ORDERED** that any objections to this Report and Recommendation must be filed with the Court and served on all parties no later than **October 8, 2024**. If the parties wish to waive the objection period, they may file a joint stipulation to that effect to allow the Court to adopt this Report and Recommendation without delay.

**IT IS SO ORDERED**.

Dated:  September 24, 2024

Hon. Steve B. Chu
United States Magistrate Judge